**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4736

CHARLES LEROY JONES, JR., a/k/a
Pooh,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-75-A)

Argued: October 3, 1997

Decided: December 16, 1997

Before RUSSELL and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Suzanne Little, Alexandria, Virginia, for Appellant. Peter
Hugh White, UNITED STATES ATTORNEY'S OFFICE, Alexan-
dria, Virginia, for Appellee. **ON BRIEF:** Glen A. Trimper, Fairfax,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
James L. Trump, Assistant United States Attorney, John David
Kuchta, Special Assistant United States Attorney, UNITED STATES
ATTORNEY'S OFFICE, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Charles Leroy Jones of conspiracy to distribute cocaine, using and carrying a firearm in relation to a drug-trafficking crime, and undertaking related monetary transactions including money laundering. Jones claims the district court failed to properly instruct the jury and that there was insufficient evidence to sustain his conviction of conspiracy to distribute drugs. We affirm.

I

In count 3, the indictment charged that Jones engaged in a monetary transaction, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000--the purchase of a BMW with drug proceeds--violating 18 U.S.C.§ 1957 (1994). Counts 4 and 5 contained the same allegations with respect to a Mercedes-Benz and a Toyota Cressida.

Jones claims that the district court did not instruct the jury that an effect on interstate commerce is a required element for conviction under § 1957.

Jones is mistaken. The court instructed the jury that with respect to counts 3, 4, and 5, the government must prove "that the defendant engaged in a monetary transaction, in criminally derived property having a value in excess of $10,000." JA 281. The court then explained to the jury that a monetary transaction is a "transfer or exchange in or affecting interstate commerce of funds or a monetary instrument." § 1957(f)(1). The court elaborated on the meaning of "interstate commerce" in other parts of the instruction. The court adequately explained to the jury the government's obligation of proving that the monetary transactions must affect interstate commerce.

2

II

Jones also claims that there was insufficient evidence to support his conviction for conspiracy to distribute cocaine, and that he was involved only in the independent sale of drugs.

A jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The government presented sufficient evidence from which a jury could find that Jones participated in a conspiracy to distribute illegal drugs, in violation of 21 U.S.C. § 846 (1994). The government presented evidence of Jones' relationship with Terry Barker, Dexter Blackstock, and others.

Barker testified that he would often give Jones a car with a secret compartment that contained drugs and would take Jones' car until Jones had unloaded the drugs. Barker would front the drugs and await return of the car with money in it. Sometimes Barker and Jones rode together to sell. They also traveled together to have secret compartments installed in one of Jones' other vehicles. Barker explained that Jones would "take care" of all the drugs he brought back from New York, and he estimated that, at one point, Jones was taking care of about a kilogram of crack every two weeks. Blackstock corroborated part of Barker's testimony by testifying that he was present at some transactions between Barker and Jones.

A jury could reasonably conclude from this evidence that Jones was involved in a conspiracy to distribute drugs.

AFFIRMED

3